UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GALEN BARTELS,

        Plaintiff,

v.

        Case No. 14-cv-12198
        HON. GERSHWIN A. DRAIN

ANDRIE, INC.,

        Defendant.
_____/

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE [#6]

**I.    INTRODUCTION**

On June 4, 2014, Plaintiff, Galen Bartels, filed the instant action. In the action, Plaintiff alleges that Defendant, Andrie, Inc., violated the Jones Act, 416 U.S.C. § 30104; breach of warranty of unseaworthiness and entitlement to maintenance and cure under general maritime law; and for negligence. Dkt. No. 1.

Presently before the Court is Defendant's Motion to Transfer Venue to the Western District of Michigan. Dkt. No. 6. The Motion is fully briefed. On September 22, 2014, Plaintiff filed a Response. Dkt No. 8. On October 1, 2014, Defendant filed a Reply. Dkt. No. 9.

The Parties are scheduled to appear before the Court on November 10, 2014, at 10 a.m.

For the reasons that follow, it is recommended that the Court DENY Defendant's Motion to Transfer Venue.

**II.    FACTUAL BACKGROUND**

Plaintiff, Galen Bartels ("Bartels") was a crew member on the vessel, SAMUEL D. CHAMPLAIN, and serving as an employee for Defendant and in service of the vessel when the

incident that gave rise to the immediate action occurred. In or before July 2012, Plaintiff was required to handle a gangway. He alleges that he had inadequate manpower, assistance, and/or equipment. As a result, he claims that he was injured.

As a result of the injury, Plaintiff claims that Defendant assigned him to the engine room. Thereafter, Plaintiff claims that Defendant negligently assigned him to the deck, which aggravated the underlying injury. After this incident, Defendant terminated Plaintiff's maintenance and cure benefits, which prematurely resulted in aggravation and/or prolongation of the underlying injury.

Defendant, Andrie, Inc., argues that Plaintiff's condition was a preexisting one and was not sustained within the course or scope of his employment or while Plaintiff was in the service of the vessel. Defendant argues that a significant number of witnesses reside in the Western District of Michigan. Defendant also argues that the Plaintiff resides in the Western District. Defendant further asserts that its corporation operates out of the Western District. If there exists an employment agreement, it does not include a choice-of-forum clause.

### III. LAW AND ANALYSIS

#### A. Standard of Review

Section 1404(a) of the United States Code, or otherwise known as the *forum non conveniens* statute, provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The *Atlantic Marine* Court further found that, "when a defendant files such a motion… a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* The Sixth Circuit has also found that § 1404(a) gives district courts broad discretion to determine when the convenience of the parties or when the interest of

justice makes a transfer appropriate. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).

Courts can consider six factors in evaluating a *forum non conveniens* motion. *See id.* The factors take into consideration the private interests of the litigants as well as public interests. *See Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984). These factors include: (1) the convenience of the parties and witnesses, (2) the accessibility of evidence, (3) the availability of process to make reluctant witnesses testify, (4) the costs of obtaining willing witnesses, (5) the practical problems of trying the case most expeditiously and inexpensively, and (6) the interests of justice. *Reese*, 574 F.3d at 320 (citations omitted). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Dowling*, 727 F.3d at 612 (quoting *Gulf Oil Co. v. Gilbert*, 330 U.S. 501 (1947)).

B. **Defendant's Motion to Transfer Venue to the United States District Court for the Western District of Michigan**

The Court will deny Defendant's Motion to Transfer Venue. In making this determination, the Court considered the *Reese* factors listed, *supra*. *See Reese*, 574 F.3d at 320. While some of the factors may weigh in favor of the Defendant, the factors do not weigh so heavily in the Defendant's favor as to justify a transfer of venue. As a result, the Plaintiff's choice of forum will not be disturbed. *See id.*

Defendant primarily contends that a significant, if not the majority, of the witnesses that will be called to testify – crew members and Plaintiff's treating doctors – are located within the Western District. To supports its argument, Defendant asserts that of the 17 crew members that were working aboard the vessel on the date of the alleged incident, eight of those members reside in the Western District. Defendant also provides a laundry list of the Plaintiff's treating health care providers that

are also located in the Western District. Defendant further points to the fact that Plaintiff resides and Defendant operates out of the Western District.

While the first *Reese* factor weighs in favor of the Defendant, Defendant fails to demonstrate that the other factors weigh strongly in its favor to transfer venue. For example, the alleged incident occurred aboard the vessel while it was located on shores within the Eastern District. While this fact does not weigh heavily in either direction, Defendant has the heavy burden in demonstrating that the Western District would provide more convenient access to evidence, pursuant to the second factor. *See id.* In another example, as Plaintiff suggests, Defendant's control over a significant portion of the witnesses (the crew members) speaks to the third factor. As a result of these employer-employee relationships, Defendant cannot adequately argue that such witnesses would be reluctant to testify, pursuant to third factor, and to some degree, the fourth factor.

Lastly, while traveling from the Western District to the Eastern District is understandably inconvenient, this inconvenience is relatively minor. The distance does not affect the interests of justice sufficiently to weigh in favor of the Defendant as pursuant to the sixth *Reese* factor. Defendant, in fact, concedes that venue in either the Eastern District or the Western District of Michigan is proper.

While the Court has broad discretion in deciding whether to transfer venue, evaluating the Motion under the appropriate factors, the Court will decline to transfer venue of this case to the Western District of Michigan.

IV. **CONCLUSION**

For the reasons stated above, the Court will DENY Defendant's Motion to Transfer Venue [#6].

IT IS SO ORDERED.

Dated: November 13, 2014                    s/Gershwin A. Drain

Detroit, Michigan                                        GERSHWIN A. DRAIN
                                                         United States District Judge

-5-